### CHRISTIE SCOW CORP. et al. v. BRONX TOWING LINE, Inc.

### The THOMAS F. CHRISTIE.

United States District Court
S. D. New York.

July 30, 1952.

Burlingham, Veeder, Clark & Hupper, New York City (Stanley R. Wright, New York City, of counsel), for libellant.

Foley & Martin, New York City (Edward J. Ryan, New York City, of counsel), for respondent.

McGOHEY, District Judge.

Libellant sues for damages to its scow Thomas F. Christie alleged to have been caused on the early morning of August 1, 1948, by the respondent's tug Helen Buchanan.

The libel alleged that:

"On the early morning of August 1, 1948, scow Thomas F. Christie lay properly moored at the bulkhead known as Pier 18, Jersey City, port side to the bulkhead, with scows Seaboard No. 121 and Triboro No. 16 made fast to Thomas F. Christie's starboard side when tug Helen Buchanan, owned and operated by respondent, manoeuvred to take scows Triboro No. 16 and Seaboard No. 121 in tow, landing hard against them, or one of them, thereby causing Thomas F. Christie to crash into the bulkhead with great force breaking a stealer plank in her port side."

All three scows were light. The respondent denies that the tug struck either of the two outside scows hard and that it caused the Thomas F. Christie to crash into the bulkhead. The case comes down to an issue of credibility between the bargee and the master of the tug. I heard and observed both as witnesses. I accept the master's testimony. From this it appears that the tug came into the slip to pick up the Seaboard No. 121 and the Triboro No. 16 at about 1:00 A.M. on August 1, 1948. These scows, in this order, were tailing at an angle of about 45 degrees from the Christie's stern starboard corner. The tug "came up easy" to the Triboro No. 16 and put a headline on her. The master then sent one of his deckhands forward to the Seaboard No. 121 to cast off the line from it to the Christie. He played his searchlight on the latter while this was being done and did not see the bargee on deck as he said he was. The tug then backed out, pulling the two scows away from the Christie. The tug did not strike the Christie at any time. It did not strike either of the other two scows hard nor strike them against the Christie with enough force to cause her to crash into the bulkhead and break a plank in her port side. There was no damage on her starboard side nor on her stern starboard corner where she would have received any blow from the Seaboard No. 121 which was nearest to her. Moreover, no damages to either the Triboro No. 16 or the Seaboard No. 121 were claimed.

The libellant has failed to sustain its burden of proof, and a decree may be entered dismissing the libel.

Submit proposed findings and conclusions in accordance herewith.